UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONSEJO REGULADOR DEL
TEQUILA A.C.,

    Plaintiff,

vs.                                              Case No. 3:25-cv-1129-MMH-LLL

S2F ONLINE, INC., and ADDITIVE
FREE ALLIANCE, INC.,

    Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. On September 22, 2025, Plaintiff initiated this action by filing a three-count Complaint (Doc. 1). See generally Complaint. Upon review of the Complaint, the Court finds that it constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See id. at 1321–23. Relevant here, one such type of improper pleading occurs where the complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See id. at 1321 & n.11

(collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each count in the Complaint incorporates by reference the allegations of all preceding paragraphs. [1] See Complaint ¶¶ 76, 81, 87. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year

---

[1] In Counts I and III, Plaintiff incorporates "the allegations set forth in all proceeding paragraphs." See Complaint ¶¶ 76, 87. The Court presumes that the use of "proceeding" was a typographical error. However, if it was not, this manner of pleading would still fall into the first category of shotgun pleading. Indeed, by incorporating the Complaint's subsequent paragraphs, Count I would carry all that comes after it, causing it to be a combination of the entire complaint and resulting in the same issues presented when a count incorporates all preceding paragraphs.

salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which corrects the shotgun nature of the Complaint.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[2] consistent with the directives of this Order on or before **October 9, 2025**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of September, 2025.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc35
Copies to:
Counsel of Record

---

[2] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).